MAHALA SALISBURY *et al.*

*v.*

GEORGE H. ALDRICH.

*Filed at Springfield October 6, 1886.*

1. DISPOSITION OF PROPERTY—*as to mental capacity, and undue influ-ence.* Inequality in the distribution of property is not conclusive evidence of unsoundness of mind or of undue influence. It is a mere circumstance tend-ing to establish undue influence or unsoundness of mind, but it is not, of itself, sufficient for that purpose.

2. SAME—*right of owner to discriminate as between his children.* A man may be very partial, and, in a moral view, very unjust, in the distribu-tion of his property among his children; yet if he acts voluntarily, and is not of unsound mind, his disposition must stand, though the result of passion or prejudice.

APPEAL from the Circuit Court of Hancock county; the Hon. WILLIAM MARSH, Judge, presiding.

Messrs. SHARP & BERRY BROS., and Messrs. O'HARRA & SCOFIELD, for the appellants:

The unnatural disposition of his property strongly suggests the existence of improper influence upon the mind of Horace Aldrich, and is sufficient to condemn his acts, and require proof that they were of his own free volition.   *Harrel v. Har-rel,* 1 Duv. 203; 1 Jarman on Wills, 139, note; *Lindsey v. Lindsey,* 50 Ill. 79; *McLaughlin v. McDevitt,* 63 N. Y. 217; *Taylor v. Wilburn,* 20 Mo. 306.

Whatever destroys the free agency of the grantor, consti-tutes undue influence.   Whether that object be effected by physical force or mental coercion, by threats which occasion fear, or by importunity which the grantor is too weak to re-sist, or which extorts compliance in the hope of peace, is immaterial.   *Executors of Moore v. Blauvelt,* 15 N. J. Eq. 367; *Rollwagen v. Rollwagen,* 63 N. Y. 519.

The amount of undue influence necessary to invalidate a deed must vary with the strength of mind of the grantor, and other circumstances. 1 Jarman on Wills, 36; *Reynolds* v. *Root*, 62 Barb. 250.

The precise mode of exerting the influence and practicing the fraud need not be proved. (*McLaughlin* v. *McDevitt*, 63 N. Y. 213.) It may be shown by facts and circumstances surrounding the parties, etc. *Tyler* v. *Gardiner*, 35 Ill. 559; *Rollwagen* v. *Rollwagen*, 63 N. Y. 504; *Dean* v. *Negley*, 41 Pa. 312; *Forman* v. *Smith*, 7 Lan. 443; Bigelow on Fraud, 476, 477; *Reynolds* v. *Root*, 62 Barb. 250; *Tilton* v. *Tilton*, 54 Pa. St. 216.

As to when the burden of proof shifts, and the defendant required to show scrupulous good faith, see, also, the following cases: *Comestock* v. *Comestock*, 57 Barb. 453; *Deen* v. *Phillips*, 5 W. Va. 188; *Tood* v. *Grove*, 33 Md. 188; *Meek* v. *Perry*, 36 Miss. 190; *Zeigler* v. *Hughes*, 55 Ill. 288; *Sear* v. *Shafer*, 2 Seld. 268; *Bowey* v. *Hollingsworth*, 23 Ala. 690.

Messrs. MANIER & MILLER, and Messrs. MASON & HALBOWER, for the appellee:

As to the presumption in favor of sanity, and burden of proof, see *Fisher* v. *People*, 23 Ill. 283; *Hopps* v. *People*, 31 id. 387; *Lilly* v. *Waggoner*, 27 id. 395; *Litcomb* v. *Vantyle*, 84 id. 371.

To destroy the binding effect of a deed, the evidence of mental incapacity must strongly preponderate. *Myatt* v. *Walker*, 44 Ill. 487.

The owner of property has the lawful right to dispose of the same as he or she may choose, and such disposition of the property is valid, whether it be reasonable or unreasonable, just or unjust. *Carpenter* v. *Calvert*, 83 Ill. 70.

A person has a right to judge who are proper objects of his bounty, and, if free from insane delusions or senile dementia, passing by his own children, give his property to

aliens to his blood. A disposition of an estate by the owner, by will or deed, there being no legal impediment, determines its destiny. *Uhlich* v. *Muhlke*, 61 Ill. 523.

A man has a right to dispose of his property as he chooses, and if he gives one child more than another, that fact affords no just ground of complaint. *Wiley* v. *Ewalt*, 66 Ill. 32; *Clearwater* v. *Kimler*, 43 id. 277; *Heuser* v. *Harris*, 42 id. 429.

So a gift by one to his confidential agent and adviser is valid. *Uhlich* v. *Muhlke*, 61 id. 499.

A person who is capable of transacting ordinary business is also capable of making a valid will. The rule is the same in the case of a sale of property, and its disposition by will. *Meeker* v. *Meeker*, 75 Ill. 260; *Carpenter* v. *Calvert*, 83 id. 62; *Brown* v. *Riggin*, 94 id. 560.

The influence resulting from kindness, argument or proper advice is not undue, and will not avoid a deed or will. *Yoe* v. *McCord*, 74 Ill. 34; *Dickie* v. *Carter*, 42 id. 388.

As to the influence which the law calls undue, and its nature and character, see *Roe* v. *Taylor*, 45 Ill. 491; 1 Redfield on Wills, 522; *Chandler* v. *Ferris*, 1 Harr. 454; *Calvert* v. *Davis*, 5 Gill & J. 301; *O'Neal* v. *Farr*, 1 Rich. (S. C.) 80; *Martin* v. *Teague*, 2 Spear, (S. C.) 268.

It will be presumed that a party has just cause for making the disposition of his property he does. *Meeker* v. *Meeker*, 75 Ill. 261.

In the absence of proof of undue influence, the inequality of a testamentary disposition can not be urged as proof of undue influence. *Rutherford* v. *Morris*, 77 Ill. 421; *Stone* v. *Wilburn*, 83 id. 108.

Per CURIAM: This is a bill in equity, exhibited in the Hancock circuit court, by certain children and heirs at law of Horace Aldrich, late of that county, deceased, to cancel and set aside two deeds purporting to have been executed by said Horace Aldrich to George H. Aldrich, another one of

his children and heirs at law, on the ground that their execution was obtained by the undue influence of the said George H. over the said Horace, and also that the said Horace was, at the time of executing them, of unsound mind.

Two issues of fact were made up and submitted to a jury, namely: First, whether or not the deeds described in the bill in this cause, from Horace Aldrich, and Mary W. Aldrich, his wife, to George H. Aldrich, bearing date September 27, 1884, and January 10, 1885, were obtained from the said Horace Aldrich by and through undue and improper influence exerted upon him by the said George H. Aldrich, or his agents; and second, whether or not the said Horace Aldrich was, at the time of the making of said deeds, of sound mind and memory, with sufficient understanding and capacity to execute said deeds. The jury found, on the first of these issues, in the affirmative, and on the second, in the negative; but the court, on final hearing, disregarded these findings, and set aside the verdict of the jury, and dismissed the bill. The case comes here by the appeal of the complainants below, from that decree.

No question of law is presented. The controversy is confined to the weight of evidence on the issues of fact. We have given the record a very careful consideration, and while we are hardly prepared to say that we are entirely satisfied with the decree below, yet we are unable to say that we are clearly satisfied that it is wrong because not sustained by a preponderance of the evidence.

It is to be borne in mind, that inequality in the distribution of property is not conclusive evidence of unsoundness of mind or of undue influence. It may be considered as a mere circumstance, when in proof, as tending to establish undue influence or unsoundness of mind, but it is not, of itself, conclusive and sufficient for that purpose. One may be very partial, and, in a moral view, very unjust, in distributing his property among his children. He may discriminate on insuf-

ficient reason, or without any reason; yet if he act voluntarily, and his mind be not unsound, his disposition must stand. It is the will of the testator, though the result of passion or prejudice, and not what the neighbors and friends think would be fair or just, that must control.

It would subserve no useful purpose to recapitulate this evidence. It is enough that we do not feel that the decree is so clearly wrong that it should be reversed.

The decree is affirmed.

*Decree affirmed.*